[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-11491
Non-Argument Calendar
_____

D.C. Docket No. 2:93-cr-00152-LSC-PWG-11


UNITED STATES,

Plaintiff-Appellee,

versus

EFREM STUTSON,
a.k.a Cooky,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 3, 2013)

Before WILSON, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Efrem  Stutson  appeals  the  district  court's  denial  of  his  motion  for  a

reduction of sentence.  *See* 18 U.S.C. § 3582 (c)(2).  For the reasons which follow,

we affirm.

In 1994, a jury found Mr. Stutson guilty of conspiring to possess cocaine, cocaine base, marijuana, and PCP with the intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A). Because Mr. Stutson had three prior felony drug convictions, and because the government had filed a notice of intent to seek an enhanced penalty, *see* 21 U.S.C. § 851, the district court sentenced him in 1998 (following a remand from this court) to a statutory minimum term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

In 2011, Mr. Stutson filed the § 3582(c)(2) motion that is the subject of this appeal. In that motion, he sought a sentence reduction based on Amendment 750 to the Sentencing Guidelines. The district court denied the motion, concluding that Amendment 750 did not change Mr. Stutson's statutory minimum term of life imprisonment.

The arguments Mr. Stutson makes in favor of reversal are foreclosed by our precedent. First, we have held several times that a § 3582(c)(2) motion is properly denied where – as here – the defendant was sentenced to a statutory minimum term of imprisonment. *See, e.g., United States v. Williams*, 549 F.3d 1337, 1341 (11th Cir. 2008); *United States v. Mills*, 613 F.2d 1070, 1077-78 (11th Cir. 2010); *United States v. Glover*, 686 F.3d 1203, 1206-07 (11th Cir. 2012). Second, as we explained in *United States v. Lawson*, 686 F.3d 1317, 1320-21 (11th Cir. 2012), the

2

Supreme Court's decision in *United States v. Freeman*, 131 S. Ct. 2685 (2011), did not abrogate our prior cases holding that a § 3582(c)(2) reduction is unavailable to narcotics defendants whose sentence is not based on USSG § 2B1.1.  Third, a § 3582(c)(2) motion cannot be used to revisit findings and rulings made at the original sentencing hearing.  *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).  Fourth, our recent decision in *United States v. Hyppolyte*, ___ F.3d ___, 2013 WL 978695, *4 - *5 (11th Cir. March 14, 2013), holds that (a) the new definition of "applicable guideline range" in Amendment 759 does not provide § 3582(c)(2) relief for defendants who received statutory minimum terms of imprisonment, and (2) the Fair Sentencing Act does not apply retroactively in a § 3582(c)(2) proceeding to defendants sentenced before the Act's effective date.

**AFFIRMED.**